THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL GONSKAK *v.* WARDEN OF THE WORKHOUSE, WELFARE ISLAND.

Supreme Court, New York County, June 7, 1933.

*Frank Scheiner* [*Max Krauthamer* of counsel], for the relator.

*Thomas C. T. Crain, District Attorney* [*Le Roy Mandle* of counsel], for the respondent.

SHIENTAG, J.   On this writ of habeas corpus the relator Gonskak seeks to be remanded to the Magistrate's Court for resentence on the ground that the sentence originally imposed upon him was illegal.   He was convicted on May 2, 1933, of the offense of disorderly conduct tending to a breach of the peace (Penal Law, § 722) and was sentenced on May 5, 1933, to the workhouse for an indeterminate term, not to exceed two years (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287).*   This sentence was imposed on the defendant because the magistrate found that he had been convicted of similar offenses, at least three times, prior to the instant conviction.   It is conceded that the magistrate who found the defendant guilty had the power to sentence him " to imprisonment in the county jail or workhouse for a term not exceeding six months or by a fine not exceeding $50 or by both, or by placing him on probation for a term not to exceed two years " (Penal Law, § 723).   Because of the defendant's prior convictions the magistrate invoked the provisions of the Parole Commission Law permitting an indeterminate sentence, and that action is here attacked as illegal.   Section 4 of that act, in so far as it is here pertinent, provides as follows: " The term of imprisonment of any person sentenced to any such workhouse shall be fixed by the court in imposing sentence which term shall be for a definite period and shall not exceed six months; provided, however, that no person convicted in any of said cities of vagrancy, disorderly conduct tending to a breach of the peace, public prostitution, soliciting on streets or public places for the purpose of prostitution, or the violation of section one hundred and fifty of chapter ninety-nine of the laws of nineteen hundred and nine, as amended, shall be sentenced to any such workhouse for a definite term until the fingerprint records of the city magistrates' courts of said city are officially searched with reference to the particular defendant and the results thereof duly certified to the court; and provided, further, that if it shall appear to the court at any stage of the

---

* Parole Commission Law.

proceeding prior to the imposition of sentence and after due notice and opportunity to the defendant to be heard in opposition to such accusation of prior convictions that any person convicted of any or each of these offenses last enumerated has been convicted of any or each of these offenses two or more times during the twenty-four months just previous, or three or more times previous to that conviction, then the court shall sentence such offender to a workhouse of the said department of correction in said city for an indeterminate period. The term of imprisonment of any person convicted and sentenced to any such workhouse for an indeterminate period shall not exceed two years and shall be terminated by the Parole Commission in the manner prescribed in section five of this act and not otherwise." Let it be noted that the sentence in this case is elastic, and that by the very terms of the Parole Commission Law under which it was imposed its duration is indefinite and left to the discretion of the Parole Commission. That Commission may at any time parole or conditionally release a prisoner without reference to the committing magistrate, although the latter has the privilege, if he desires to avail himself of it, of sitting in and voting with the Commission on the eligibility of the prisoner to parole. After the defendant was convicted on May 2, 1933, of the offense of disorderly conduct, he was ordered fingerprinted and imposition of sentence was adjourned over his attorney's objection to May 5, 1933, for the purpose of investigation. On that day, after the court read the report of the probation officer, the following appears on the record: " The Court: Then the defendant Gonskak, he was, according to this report, convicted four times of disorderly conduct, on April 27, 1932, disorderly conduct, in the Eighth Court, Bronx, Magistrate Murphy, sentence suspended, is that right? Defendant Gonskak: Yes. The Court: I want to see if these records are right. Mr. Scheiner: They will have to speak for themselves because I am not familiar. * * * The Court: Is that right, Gonskak? Defendant Gonskak: Yes. The Court: And on May 4, 1932, again convicted of disorderly conduct in the same court, that is the Eighth Court, before Magistrate Murphy again, fined $5 or two days, is that correct? Mr. Gonskak: Correct. The Court: And then on October 6, 1932, you were convicted of disorderly conduct in the Sixth District Magistrates' Court before Magistrate Walsh and you were fined $10 or two days, is that correct? Defendant Gonskak: I never appeared before Walsh. The Court: Up in the Sixth Court last October? Defendant Gonskak: I cannot recall. The Court: There was a fine of $10 or two days, don't you remember that? How about October 12, 1932, again convicted of disorderly con-

duct in Brooklyn, Tenth District, before Magistrate Hirshfield, given a sentence of $10 or five days? Defendant Gonskak: That's correct." At this point the magistrate took up the cases of the codefendants and the record continues: " The Court: Now, we come to Gonskak, according to the report submitted by the probation officer in this case, the probation officer reports that he is in no position to request leniency be shown for this defendant and that in his opinion he is the type of individual who should be taught a lesson in the form of drastic punishment. The probation officer goes on to say further: ' And further am of the opinion that he is a paid employee of the Unemployed Council whose main object according to their book of rules found in the possession of the defendant, shows that their main object is to cause dissension among the unemployed and otherwise unfortunate populace of the city.' It seems also that this defendant — it appears to the satisfaction of the court also that this defendant has on previous occasions been convicted of similar offenses, that is similar disorderly conducts, and, therefore, the court is now about to sentence you, Sam Gonskak, in accordance with the provisions of the Parole Commission Law for first-class cities under section 4 of that law, and due notice and opportunity is now accorded you to be heard in opposition to the accusation that you have on these four previous occasions been convicted of disorderly conduct. Is there anything you wish to say about? Defendant Gonskak: No. The Court: You are therefore sentenced to the workhouse for an indeterminate term not to exceed two years." The Mr. Scheiner referred to in the foregoing record was the attorney for the defendant Gonskak, representing him throughout the proceeding in the Magistrates' Court and appearing for him on the writ of habeas corpus. The record indicates that no objection was made by defendant's counsel to the procedure followed by the magistrate in imposing the sentence. Through his attorney the relator concedes that the magistrate, in any event, had the lawful power to impose a sentence to the workhouse of not exceeding six months. He does contend, however, that the indeterminate sentence imposed upon him was illegal and he asks to be remanded to the Magistrate's Court for resentence for a term not to exceed six months, in accordance with the provisions of section 723 of the Penal Law. He bases his contention concerning the illegality of the indeterminate sentence on the following propositions: (1) That there was no competent legal proof of prior convictions for offenses specified in section 4 of the Parole Commission Act; (2) that before he was questioned concerning prior convictions he should have been warned that he had a right to answer or to stand mute; (3) that before he was questioned

concerning prior convictions he should have been put on notice that these convictions were being considered for the purpose of determining whether an indeterminate sentence would be imposed upon him; (4) that while there was an accusation and an admission of prior convictions for disorderly conduct, there is nothing in the record to indicate that the prior offenses were for disorderly conduct tending to a breach of the peace, that being one of the specific offenses mentioned in the Parole Law as the basis for an indeterminate sentence. The procedure in imposing an indeterminate sentence under the Parole Commission Act is not to be confused with that provided for under section 1943 of the Penal Law, which deals with the practice to be followed on sentence for one or more prior convictions for felony or petit larceny. Under section 1943 of the Penal Law a formal information charging prior convictions is required to be filed; a jury trial on the issue of identity may be had as matter of right; it is specifically required that before the defendant is questioned concerning prior convictions he shall be " duly cautioned as to his rights " and informed that he may answer or stand mute; and that the former convictions must be proven by competent legal evidence, unless, after having been warned, the defendant acknowledges or confesses them. There are no such specific requirements for imposing an indeterminate sentence under the Parole Commission Act; there the procedure is much more informal. Nevertheless the proceeding for indeterminate sentence under the Parole Law has for its purpose an increased sentence or punishment because of prior convictions for similar offenses. As such, it is in the nature of a criminal proceeding, and implicit in such a proceeding are the requirements that the defendant shall be accused of prior convictions, informally to be sure, but accusation there nevertheless must be. There is the further statutory requirement that the defendant receive due notice and an opportunity to be heard concerning such prior convictions before sentence is imposed. It would serve no useful purpose to analyze in this proceeding, which is by way of habeas corpus and not by appeal, the various contentions of the relator with respect to the legality of the sentence imposed on him. On habeas corpus the court examines only into the power of the magistrate to act, not the correctness of his conclusions. It does not inquire into the severity of the sentence or into the reasons which are alleged to have actuated its imposition. It considers only whether the magistrate had jurisdiction of the offense and of the person of the defendant and whether he had authority to render his judgment and to impose his sentence for the cause assigned. The procedure followed by the magistrate in imposing sentence in this case is substantially similar to that

pursued in the case of *People ex rel. Bessmore* v. *Honeck* (216 App. Div. 815; affd., 244 N. Y. 510), in which the Court of Appeals, without opinion, unanimously denied a writ of habeas corpus. That case must be considered a holding that errors such as are here claimed are not jurisdictional defects which will sustain a writ of habeas corpus. Let it be distinctly understood that my determination is not a holding that the magistrate followed the correct procedure in imposing this sentence; it is a holding on the authority of the *Bessmore* case that the relator's remedy is not by way of writ of habeas corpus. The writ is dismissed and the relator remanded to the custody of the warden of the workhouse, Welfare island.